## PORTMAN v. OPPENHEIM.

(Supreme Court, Appellate Term. June 1, 1906.)

1. TRIAL—MOTION FOR DISMISSAL—DETERMINATION.

On a motion to dismiss, made at the close of plaintiff's case, the testimony must be regarded as true.

[Ed. Note.—For cases in point, see vol. 46, Cent. Dig. Trial, § 374.]

2. VENDOR AND PURCHASER—CONTRACT—NONPERFORMANCE—RECOVERY OF DEPOSIT.

In an action for a deposit paid to bind an agreement for the sale of real estate, it appeared that when the deposit was made a writing which stipulated that the property was sold for a specified sum, subject to a mortgage or mortgages, without specifying the time of payment of the mortgage or mortgages or the rate of interest, was signed. The purchaser testified that the vendor had agreed that there should be one mortgage of a specified sum at 5 per cent., or two mortgages for that amount, to run for three years. The vendor submitted a contract of sale which called for one mortgage payable in three years at 5 per cent., and a second mortgage due in one year at 6 per cent. Held that, as the first instrument was silent on the question as to the time of payment of the mortgage or mortgages and the rate of interest, it was proper to show by parol the terms with reference thereto, and, as the purchaser's testimony showed that the contract as submitted failed to contain the terms agreed on, he was entitled to compel a refunding of the deposit.

Appeal from Municipal Court, Borough of Manhattan, Ninth District.

Action by Isaac Portman against William Oppenheim. From a judgment dismissing the complaint, plaintiff appeals. Reversed, and new trial ordered.

Argued before GILDERSLEEVE, DAVIS, and CLINCH, JJ.

Engel, Engel & Oppenheimer, for appellant.
Morton Stein, for respondent.

GILDERSLEEVE, J. At the close of the plaintiff's case, upon motion of the defendant, the complaint was dismissed. The testimony adduced upon the part of the plaintiff must therefore be regarded as true. The action was brought to recover the sum of $500 paid by the plaintiff to bind an agreement for the sale of a certain piece of real estate by the defendant to the plaintiff. At the time this sum was paid a writing was signed by the defendant to the effect that the property was sold for the sum of $78,000, to be delivered subject to a mortgage or mortgages aggregating $60,000; the balance to be paid in cash on delivery of the deed, and a regular contract for the sale to be drawn October 10th. This writing did not specify the time of payment of the mortgage or mortgages, nor the rate of interest. Upon the day fixed for signing the contract the plaintiff and his attorney were at the place of meeting, the defendant being absent, although represented by an attorney. A contract signed by the defendant was presented to the plaintiff for execution. Claiming that it did not correctly state the agreement regarding the amount of interest and time of payment which had been made between the parties at the time the deposit was paid, the plaintiff refused to execute the contract submitted and subsequently demanded that his deposit be returned.

His testimony was that he and the defendant had agreed that there should be one mortgage of $60,000 at 5 per cent., or two mortgages, but both were to be for three years at 5 per cent., whereas the contract as submitted and signed by the defendant called for one mortgage of $50,-000, payable in three years, at 5 per cent., and a second mortgage for $10,000, due in one year, at 6 per cent. interest. Inasmuch as the writing signed by the parties at the time the deposit was made was silent upon this question, it thus became necessary to show by parol the terms regarding the time the mortgages were to run and the interest they were to draw; and, as the plaintiff's testimony clearly showed that the contract as submitted failed to contain the terms agreed upon, he was not required to execute it, and was entitled to a refunding of his deposit.

Judgment reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.